# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
Grantham, Mallory § Case No. 10-31337
Grantham, Dorothy §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/MICHAEL G. BERLAND_____
                                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:              10-31337      BL    Judge: Bruce W. Black                      Trustee Name:                MICHAEL G. BERLAND
Case Name:          Grantham, Mallory                                                 Date Filed (f) or Converted (c):   07/14/10 (f)
                             Grantham, Dorothy                                                341(a) Meeting Date:         08/19/10
For Period Ending:  05/22/14                                                                   Claims Bar Date:               12/01/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 900 Plaintain, Joliet, Illinois | 199,475.00 | 0.00 | | 0.00 | FA |
| 2. N165 w. 21281 Tartan, Jackson, Wisconsin | 220,000.00 | 0.00 | | 0.00 | FA |
| The trustee hired a broker but broker deterrmined there was insuffcient value to administer the asset. | | | | | |
| 3. CASH | 10.00 | 0.00 | | 0.00 | FA |
| 4. Checking Bank of Shorewood | 800.00 | 0.00 | | 0.00 | FA |
| 5. Scholar Plan for son 520 | 1,500.00 | 0.00 | | 0.00 | FA |
| 6. HOUSEHOLD GOODS | 4,000.00 | 0.00 | | 0.00 | FA |
| 7. Emplloyee group term insurance | 0.00 | 0.00 | | 0.00 | FA |
| 8. K & M Men's Company | 2,500.00 | 0.00 | | 0.00 | FA |
| 9. Joliet pension | 6,927.00 | 0.00 | | 0.00 | FA |
| 10. Mallory Wellness | 10.00 | 0.00 | | 0.00 | FA |
| 11. Butterfly Life Womens Fitness Centers | 0.00 | 0.00 | | 0.00 | FA |
| 12. rent and property damage of former tenant | 13,100.00 | 0.00 | | 0.00 | FA |
| 13. 2007 tax refund | 2,500.00 | 0.00 | | 0.00 | FA |
| 14. 2008 tax refund | 7,713.00 | 0.00 | | 0.00 | FA |
| 15. 2009 tax refund | 500.00 | 0.00 | | 0.00 | FA |
| 16. 2000 Chevrolet Minivan | 1,865.00 | 0.00 | | 0.00 | FA |
| 17. 2002 Ford taurus | 200.00 | 0.00 | | 0.00 | FA |
| 18. 2002 Saab | 5,000.00 | 0.00 | | 0.00 | FA |
| 19. Personal injury (u) | 0.00 | 94,500.00 | | 94,500.00 | FA |

|  |  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $466,100.00 | $94,500.00 | | $94,500.00 | $0.00 |
|  |  |  |  |  | (Total Dollar Amount in Column 6) |

_____

Case 10-31337 Doc 58 Filed 07/03/14 Entered 07/03/14 11:43:21 Desc Main
Document Page 4 of 10

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 10-31337 BL Judge: Bruce W. Black | |
| Case Name: | Grantham, Mallory | |
| | Grantham, Dorothy | |

| | |
|---|---|
| Trustee Name: | MICHAEL G. BERLAND |
| Date Filed (f) or Converted (c): | 07/14/10 (f) |
| 341(a) Meeting Date: | 08/19/10 |
| Claims Bar Date: | 12/01/10 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The case was reopened in 2013 because the debtor had not disclosed a PI case. The Trustee filed a Motion To Compromise Interest In PI Case, which was approved.

Initial Projected Date of Final Report (TFR): 12/31/15     Current Projected Date of Final Report (TFR): 12/31/15

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 10-31337 -BL | Trustee Name: | MICHAEL G. BERLAND |
|---|---|---|---|
| Case Name: | Grantham, Mallory | Bank Name: | Congressional Bank |
|  | Grantham, Dorothy | Account Number / CD #: | *******0986 Checking Account |
| Taxpayer ID No: | *******4501 |  |  |
| For Period Ending: | 05/22/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|  |  |  | BALANCE FORWARD |  |  |  | 0.00 |
| 04/10/14 | 19 | Libefty Mutual | PI settlement per court order | 1242-000 | 94,500.00 |  | 94,500.00 |
| 04/14/14 | 001001 | Mallory Grantham | Payment of exemption case to debtor | 8100-000 |  | 15,000.00 | 79,500.00 |
| 04/14/14 | 001002 | Lohman, Neschis & Tolitano LLC | payment to special counsel per court order for attonrey fee | 3210-000 |  | 31,500.00 | 48,000.00 |
| 04/14/14 | 001003 | Lohman, Neschis & Tolitano LLC | Payment of special counsel expenses per court order | 3220-000 |  | 1,699.27 | 46,300.73 |

|  | COLUMN TOTALS | 94,500.00 | 48,199.27 | 46,300.73 |
|---|---|---|---|---|
|  | Less: Bank Transfers/CD's | 0.00 | 0.00 |  |
|  | Subtotal | 94,500.00 | 48,199.27 |  |
|  | Less: Payments to Debtors |  | 15,000.00 |  |
|  | Net | 94,500.00 | 33,199.27 |  |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********0986 | 94,500.00 | 33,199.27 | 46,300.73 |
|  | ----------------- | ----------------- | ----------------- |
|  | 94,500.00 | 33,199.27 | 46,300.73 |
|  | ============ | ============ | ============ |
|  | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  94,500.00  48,199.27

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: May 22, 2014 |
|---|---|---|---|---|---|---|

Case Number: 10-31337  
Debtor Name: Grantham, Mallory

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3420-00 | Robert Lohman | Administrative | | $1,699.27 | $1,699.27 | $0.00 |
| ROBERT<br>001<br>3210-00 | Rbert Lohman | Administrative | | $31,500.00 | $31,500.00 | $0.00 |
| 000002B<br>040<br>5800-00 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Priority | | $16,662.91 | $0.00 | $16,662.91 |
| 000008A<br>040<br>5300-00 | Wisconsin Dept of Revenue<br>PO Box 8901<br>Madison, WI 53708-8901 | Priority | | $1,761.41 | $0.00 | $1,761.41 |
| 999<br>8100-00 | Mallory Grantham | Unsecured | | $0.00 | $15,000.00 | $-15,000.00 |
| 000001<br>070<br>7100-00 | Discover Bank<br>Dfs Services LLC<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $7,333.84 | $0.00 | $7,333.84 |
| 000002A<br>070<br>7100-00 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Unsecured | | $7,339.01 | $0.00 | $7,339.01 |
| 000003<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $10,670.21 | $0.00 | $10,670.21 |
| 000004<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $6,103.41 | $0.00 | $6,103.41 |
| 000005<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $22,109.87 | $0.00 | $22,109.87 |
| 000006<br>070<br>7100-00 | Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Unsecured | | $65.36 | $0.00 | $65.36 |
| 000007<br>070<br>7100-00 | Wisconsin Electric Power Company<br>333 W Everett St, Rm A130<br>Attn BK Dept<br>Milwaukee, WI 53203 | Unsecured | | $257.62 | $0.00 | $257.62 |

Page 2

**EXHIBIT C**
ANALYSIS OF CLAIMS REGISTER

Date: May 22, 2014

Case Number: 10-31337
Debtor Name: Grantham, Mallory

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000008B 070 7100-00 | Wisconsin Dept of Revenue PO Box 8901 Madison, WI 53708-8901 | Unsecured | | $33,377.06 | $0.00 | $33,377.06 |
| 000009 070 7100-00 | American Express Centurion Bank c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $25,065.46 | $0.00 | $25,065.46 |
| | Case Totals: | | | $163,945.43 | $48,199.27 | $115,746.16 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-31337
Case Name: Grantham, Mallory
                Grantham, Dorothy
Trustee Name: MICHAEL G. BERLAND

Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: MICHAEL G. BERLAND | $ | $ | $ |
| Trustee Expenses: MICHAEL G. BERLAND | $ | $ | $ |
| Attorney for Trustee Fees: Rbert Lohman | $ | $ | $ |
| Other: Robert Lohman | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002B | Internal Revenue Service | $ | $ | $ |
| 000008A | Wisconsin Dept of Revenue | $ | $ | $ |

    Total to be paid to priority creditors      $_____

    Remaining Balance      $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be     percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002A | Internal Revenue Service | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. | $ | $ | $ |
| 000004 | Chase Bank USA, N.A. | $ | $ | $ |
| 000005 | Chase Bank USA, N.A. | $ | $ | $ |
| 000006 | Roundup Funding, LLC | $ | $ | $ |
| 000007 | Wisconsin Electric Power Company | $ | $ | $ |
| 000008B | Wisconsin Dept of Revenue | $ | $ | $ |
| 000009 | American Express Centurion Bank | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

   Remaining Balance                  $_____

   Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE